# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENEVILE DIVISION

| | |
|---|---|
| **PAM MACPHERSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**MIRAMED REVENUE GROUP, LLC; and DOES 1 through 10, inclusive,**<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Pam MacPherson, an individual consumer, against Defendant, Miramed Revenue Group, LLC, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3.  Plaintiff, Pam MacPherson, is a natural person with a permanent residence in Greenville, Greenville County, South Carolina 29615.

4.  Upon information and belief, the Defendant, Miramed Revenue Group, LLC, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 991 Oak Creek Drive, Lombard, DuPage County, Illinois 60148. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the

2

money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, continued to contact Plaintiff after Plaintiff told the Defendant that she does not owe the alleged debt.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

9. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by harassing Plaintiff after being informed that Plaintiff does not owe the alleged debt.

## *V. FIRST CLAIM FOR RELIEF*

13.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.   Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Pam MacPherson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.  SECOND CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendant violated the South Carolina Consumer Protection Code § 37-5-101 et seq. (hereinafter "SCCPC").

19. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§37-5-108(iv)* of the SCCPC by communicating with anyone other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the

      attorney of the creditor or debt collector, unless the consumer or a

      court of competent jurisdiction has given prior direct permission.

  20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  21. As a result of the foregoing violations of the SCCPC, Defendant is liable to the Plaintiff for actual damages, and statutory damages.

  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Miramed Revenue Group, LLC, for the following:

 A. Declaratory judgment that Defendant's conduct violated the FDCPA and the SCCPC.

 B. Actual damages.

 C. Statutory damages.

 D. Costs and reasonable attorney fees.

 E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

 F. For such other and further relief as the Court may deem just and proper.

///

///

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Pam MacPherson, demands trial by jury in this action.

DATED: May 08, 2013

                                        RESPECTFULLY SUBMITTED,

                                        By: /s/ Chauntel Bland
                                        Chauntel Bland, Esq.
                                        463 Regency Park Drive
                                        Columbia SC 29210
                                        Phone: (803) 319-6262
                                        Fax: (866) 322-6815
                                        chauntel.bland@yahoo.com
                                        *Attorney for Plaintiff,*
                                        *Pam MacPherson*